JOSEPH RUOHS *v.* R. M. HOOKE & WIFE *et als.*

HOMESTEAD. *Fraudulent Conveyance.* A wife is entitled to a homestead out of lands fraudulently conveyed to her by the husband for the purpose of hindering and delaying his creditors.

FROM HAMILTON.

Appeal from the Chancery Court at Chattanooga. W. M. BRADFORD, Ch.

KEY & RICHMOND for complainant.

VANDYKE, COOKE & VANDYKE for defendants.

FREEMAN, J., delivered the opinion of the court.

This bill is filed by a creditor of R. M. Hooke, alleging a judgment of $500, in the Circuit Court of Hamilton county, execution and return of *"nulla bona,"* and then among other things, that R. M. Hooke, in October, 1873, conveyed by deed to his wife, what is known as the "Star Fort Hill" property, a house and lot occupied by them as a home, situated in the city of Chattanooga, and that this conveyance was void as to creditors.

This conveyance purports on its face to be made for "love and affection," and is so charged in the bill. It appears, also, that this property had been conveyed previously by deed in trust to a trustee, with other property, to secure a debt due J. E. Raht, of $5,000. This conveyance, June 11th, 1873. It is then alleged that complainant was creditor of Hooke when the conveyance to his wife was made, "and that he was insolvent, or at least so much indebted as to greatly impair his ability to pay his debts by said conveyance." The deed of trust referred to, with others, is stated to be unexecuted.

The prayer of the bill is for an attachment of the equitable interest of said Hooke in the property, that an account be had of the debts due, the property sold, and liens be discharged created by deeds of trust, and residue applied to the satisfaction of complainant's debt. It is also especially prayed, that the aforesaid deed to the wife be set aside as fraudulent and void.

The Chancellor decreed the deed of October, 1873,

fraudulent in law and void, being made without consideration. He also denied the right of the wife to a homestead in said property.

From this decree the husband and wife appeal, in *forma pauperis*, to this court.

Two questions are presented. Was the deed fraudulent and void? And was the wife, under the facts of the case, entitled to a homestead?

The answer of respondents admit the conveyance to the wife, but say it was recited that it was made for love and affection, but in reality, the conveyance was in consideration of about $3,000, money belonging to the wife, which she let the husband have, "and which he used in business, and with which he designed to secure her a home; but respondent did not then expect that any one would question the same, and he was not particular to express the real consideration of the deed. He then goes on to deny that he was in failing circumstances, or indebted to complainant when the deed was made, and insisted that he had property outside of this conveyance to the wife, of more than three times the value of all his indebtedness.

We find, after examination of the facts in the record, that the conveyance to the wife must be held voluntary—and think it clear, that Hooke was not in condition to make such a conveyance. It is probably true, that upon his estimate of the value of his property in October, 1873, it might have paid his debts, and left a surplus; but we know that estimates of value of property at that period proved illusory in most cases, and the result in this case shows it was

certainly so. The whole property not covered by mortgage or liens seems to have been absorbed by debts before March, 1875, and the debts now to be enforced will, we suspect, scarcely be paid by its proceeds. The conveyance to the wife cannot be supported as against creditors.

It is insisted, however, that in any aspect of the case, the right of homestead shall be allowed, the wife not having joined in any deed conveying this right, in which she has been privily examined, as is required by our Code, sec. 2114.

It has been held by this court, in the case of *Cowan* v. *Johnson,* Com. Rept., Oct. 11th, 1876, that where the wife joined in a conveyance to a third party, and such party then conveyed to her, said conveyance having been fraudulent, she had lost the right of homestead.

Without discussing the correctness of that decision, resting as it does perhaps on an estoppel on her part, or it may be on the ground of active participation in attempted fraud by the wife, we distinguish this case from that, on the ground that the wife has not participated in any fraud. There is but fraud in law, growing out of a gift by the husband to the wife, which he was unable to make by reason of his indebtedness. The wife simply accepted the bounty, or did not dissent. On what principle it can be held that the homestead right secured by the Constitution of 1870 not only to the head of the family exempt from sale under legal process during his life, but which enures to the benefit of the widow and the children

20—VOL. 3.

during minority, is held to be forfeited in favor of the creditor, by a voluntary conveyance made to the wife, we are unable to see.

The conveyance made to the wife, is void as to creditors, and is set aside, as to the right of the creditor existent at the time of the conveyance—so that the creditor stands as if it did not exist. This is clear. But how the creditor stands any higher, or acquires an additional right by setting aside the conveyance, beyond what he had before it was made, it is difficult to see. Before the conveyance he could sell the property of his debtor, subject to the homestead—but the wife was entitled to the homestead, and it could not be sold by legal process. You set aside a conveyance to her, as voluntary, and by that legal process you sell the homestead, and deprive her of it, in the teeth of the Constitution and the law. It is thus alienated by legal process or proceeding, when the Constitution says, "nor shall said property be alienated without the joint consent of husband and wife, where that relation exists, and "that to be evidenced, under the statute made to carry out the constitutional provision, by conveyance duly executed as required by law for married women."

In the face of this we must hold it may and shall be subject to be sold by legal process, and be alienated without conveyance by the wife, executed as required by law for married women.

The husband makes a voluntary deed to the wife, which is void because he is indebted and therefore must be just before he is generous. His creditors

have prior claim protected by law, but that claim does not reach or attach to the homestead—on the contrary it is expressly excluded. You set aside the conveyance as against this creditor's right, and enforce the right he had before it was made—and lo, by some magic, that right is enlarged so that it embraces and swallows up the homestead. So that the creditor, so far from being injured, obtains a benefit he did not before have, and obtains a right not before enjoyed. How this can be done, or worked out, is what we are unable to see. The conveyance is void as to creditors, but good as against the homestead, so far as to defeat the right of the wife to it, and give the creditor the right to appropriate it to his debt, which right is not conveyed or stipulated for in the deed to her, nor bargained for by the creditor. We do not think this is sustained either by reason or authority.

We therefore hold, that this deed of gift to the wife, though voluntary and void as to creditors, does not defeat the homestead right, nor enlarge in any way the right of the creditors, as they existed before it was madde.

The decree will be modified to this extent. Costs of this court will be paid, one-half by complainant, the other by Hooke and wife.

Upon application to modify decree, FREEMAN, J., said:

The facts are complainant, a creditor of Hooke, filed this bill to enforce deed of trust to Warwick for the benefit of Raht. After the conveyance in trust

to Warwick, Hooke had conveyed the "Star Fort" property to his wife by voluntary conveyance. This conveyance was subject to the trust. The bill sought to enforce the trust, have the deed to the wife declared void as against the creditor, the property sold and appropriated first to the discharge of the debts under the trust, and balance appropriated to complainant's debt. Raht and the trustee were made parties, and answered, tendering a copy of the deed of trust as evidence of their rights, but this deed of trust, made by Hooke and wife, in which she releases her interest in the land, does not appear on the copy tendered to have been acknowledged by the wife. In fact, it seems to have been a copy from the register's book, as there is a certificate on it that the deed "with certificates" was filed in the office and registered. The question is, whether on this state of facts we should decree a homestead in favor of Mrs. Hooke against the right of Raht, she and her husband having set up claim to it in their answer, Raht and trustee not saying anything on the question, no issue being made as between them and Hooke and wife on this question.

We are of opinion that the only issue in this case was between complainant and the defendants, and no decree can be made precluding the rights of Raht or the trustee of the deed under which his interest is secured. That matter is outside of this case, and if the parties have a homestead right as against that conveyance, they may assert them in a proper proceeding for that purpose.